# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

WILLIAM H. WESTON, JR.,

    Petitioner,

v.

WARDEN HILTON HALL; and HOMER BRYSON,

    Respondents.

CIVIL ACTION NO.: 5:17-cv-67

## O R D E R

Petitioner William Weston ("Weston"), who is currently housed at the Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) However, Weston neither paid the requisite filing fee nor moved to proceed without prepayment of the filing fee. On May 22, 2017, the Court notified Weston of his deficiency and warned that his failure to respond to the Court's directive within twenty-one (21) days could result in the dismissal of his cause of action. (Doc. 2.) Weston still failed to pay the filing fee, move to proceed *in forma pauperis*, or otherwise respond to this Court's directive. Accordingly, I issued a Report on June 22, 2017, recommending Weston's Petition be dismissed without prejudice due to his failure to prosecute and failure to follow this Court's Order. (Doc. 3.) However, on the same date as that Report and Recommendation, Weston paid the requisite filing fee. As a result, I hereby **VACATE** the Report and Recommendation dated June 22, 2017, as Weston has now cured his deficiency.[1]

---

[1] Weston also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 4.) The disposition of this Motion shall be left to the transferee Court.

In his Petition, Weston attacks his conviction obtained in the Superior Court of Clayton County, Georgia. (Doc. 1, p. 5.) While this Court has jurisdiction over this Petition because Weston is incarcerated within this District, it is prudent to address the venue of this action. All applications for writs of habeas corpus filed by persons in state custody, including those filed under 28 U.S.C. § 2254, are governed by 28 U.S.C. § 2241. Medberry v. Crosby, 351 F.2d 1049, 1062 (11th Cir. 2003). For a person who is "in custody under the judgment and sentence of a [s]tate court", Section 2241(d) specifies the "respective jurisdictions" where a Section 2254 petition may be heard. Under Section 2241(d), a person in custody under the judgment of a state court may file his Section 2254 petition in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d); see also Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001). Therefore, the Court may, "in the exercise of its discretion and in furtherance of justice", transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d).

In enacting Section 2241(d), "Congress explicitly recognized the substantial advantages of having these cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 497 (1973); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). To that end, the federal courts of this State maintain a "longstanding practice" of transferring habeas petitions "to the district of conviction." Isaac v. Brown, No. CV 4:10-071, 2010 WL 2636045, at *1 (S.D. Ga. May 24, 2010), *report and recommendation adopted*, No. CV 4:10-071, 2010 WL 2636059

(S.D. Ga. June 29, 2010) (citing Eagle, 279 F.3d at 933 n.9); see also Order, Hewitt v. Allen, No. 3:14-cv-27 (M.D. Ga. Mar. 26, 2014), ECF No. 4 ("Adherence to this policy results in each district court considering habeas actions arising within the district and in an equitable distribution of habeas cases among the districts of this state.").

The place of Weston's conviction, Clayton County, is located in the Atlanta Division of the Northern District of Georgia. 28 U.S.C. § 90(a)(2). Consequently, IT IS HEREBY **ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Atlanta Division. The Clerk of Court is **DIRECTED** to transfer this case to that Court.

**SO ORDERED**, this 10th day of July, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA